United States District Court
Southern District of Texas
**ENTERED**
July 23, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CARLOS ACOSTA HERNANDEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:24-CV-00164 |
| | § | |
| TANYA BROHOLM, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER OF TRANSFER

Plaintiff Carlos Acosta Hernandez, a Texas inmate appearing *pro se*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 1.) Plaintiff is a prisoner in the Texas Department of Criminal Justice-Correctional Institutions Division ("TDCJ-CID") and is currently housed at the Stevenson Unit in Cuero, Texas. He also has filed a motion to proceed *in forma pauperis*. (Doc. No. 2.)

Plaintiff sues attorney Tanya Broholm, who apparently represented Plaintiff in a state criminal proceeding. *See* Doc. No. 1, p. 3. While Plaintiff does not identify the state criminal proceeding, TDCJ's website confirms that Plaintiff was convicted of a sexual assault charge in Harris County and sentenced on October 3, 2023 to 16 years' imprisonment.[1] *See* Inmate Information Details, https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=19577469 (last visited July 23, 2024) (searching TDCJ No. 02470651).

Plaintiff states that he is a Honduran national who cannot speak English. (Doc. No. 1, p. 4.) Plaintiff alleges that Broholm rendered ineffective assistance of counsel in his criminal proceeding by lying to Plaintiff and tricking him into signing a plea for prison time when he

---

[1] TDCJ's website does not indicate that Plaintiff has been convicted of any other charge in Texas.

thought he would be able to go home. *Id.* at 3-4. He asks the Court for "time reduction[] and resolution of [his] case." *Id.* at 4.

A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same state, or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C. § 1391(b). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). In addition, for the convenience of parties and witnesses and in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. 28 U.S.C. § 1404(a).

Plaintiff is currently incarcerated at the Stevenson Unit, which is located within the Victoria Division of the Southern District of Texas. Plaintiff's listed address for defendant Broholm, *see* Doc. No. 1, pp. 1, 3, appears to correspond with a street address located in Fort Bend County, which is within the Houston Division of the Southern District of Texas. A review of Plaintiff's complaint reflects that all of the events forming the basis of Plaintiff's claims occurred in Harris County, which is also within the Houston Division. Venue, therefore, is not proper in the Corpus Christi Division, as Plaintiff's case has no nexus to this division. The interests of justice, therefore, would be best served by transferring this action to the Houston Division.

Accordingly, it is **ORDERED** that this case, including all pleadings and motions filed therein, be **TRANSFERRED** to the Houston Division of this district. The Clerk is **DIRECTED** to close this case in this division.

ORDERED on July 23, 2024.

MITCHEL NEUROCK
United States Magistrate Judge