United States District Court
Southern District of Texas
**ENTERED**
August 29, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CARLOS ACOSTA HERNANDEZ, (TDCJ # 2470651), § § § Plaintiff, § § vs. § § TANYA BROHOLM, § § Defendant. § | CIVIL ACTION NO. H-24-2742 |

**MEMORANDUM OPINION AND ORDER**

Representing himself, Carlos Acosta-Hernandez, (TDCJ # 02470651), filed a prisoner's civil rights complaint under 42 U.S.C. § 1983. (Docket Entry No. 1). He alleges that his appointed defense counsel, Tanya Broholm, provided ineffective assistance during his state-court criminal proceedings by coercing him to enter a plea agreement. (*Id.* at 3). He asks this court to set aside his plea agreement and remand his case to the state courts for further proceedings. (*Id.* at 4). Because Acosta-Hernandez is a prisoner seeking relief under § 1983, the court must review his complaint and dismiss the action if the court determines that it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c). Having conducted this required review, the court dismisses this action. The reasons are explained below.

**I.     Background**

Publicly available records show that Acosta-Hernandez is serving a 16-year prison sentence on a conviction for sexual assault in Harris County Cause Number 1750247. *See* Search Our Records, www.hcdistrictclerk.com (visited Aug. 28, 2024). His judgment of conviction was

entered on October 3, 2023. *Id.* Acosta-Hernandez did not appeal his judgment and sentence, and he has not filed a state application for a writ of habeas corpus. *Id.*; *see also* Case Search, https://txcourts.gov (visited Aug. 28, 2024).

On July 22, 2024, Acosta-Hernandez filed his § 1983 complaint in this court. (Docket Entry No. 1). He sues his appointed state-court defense counsel, alleging that she provided ineffective assistance by "lying to get me to sign a plea deal." (*Id.* at 3). He alleges that counsel tricked him into signing a plea deal for prison time when he believed he was signing "to go home." (*Id.* at 4). He asks the court to reduce his prison time and remand his case to the state court for "resolution." (*Id.*).

## II.   Discussion

Courts construe pleadings filed by self-represented litigants under a less stringent standard of review than those filed by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). As part of this less-stringent review, courts consider the substance of the relief sought, rather than the label attached to the pleading, when determining whether a request for relief is proper. *See Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011) (per curiam).

Acosta-Hernandez's complaint attacks the validity of his state-court judgment of conviction and asks this court to set it aside. This relief is not available in a civil-rights action. *See Calderon v. Ashmus*, 523 U.S. 740, 747 (1998); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The proper way to attack the validity of a state-court judgment of conviction is through a habeas corpus petition filed under 28 U.S.C. § 2254. *See Calderon*, 523 U.S. at 747; *Preiser,* 411 U.S. at 489. Acosta-Hernandez's complaint seeks relief that is not available through a civil-rights action, and so it fails to state a claim upon which relief can be granted.

In some instances, the court will recharacterize an action that seeks improper relief when the relief sought is available through a different type of action. The court declines to recharacterize Acosta-Hernandez's civil-rights complaint as a habeas corpus petition for two reasons.

First, publicly available records show that Acosta-Hernandez has not yet exhausted his state-court remedies. Before seeking habeas corpus relief from a state-court conviction in federal court, the petitioner must fairly present the substance of his claims to the state courts. *See Vasquez v. Hillery*, 474 U.S. 254, 258 (1986); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013). The petitioner must pursue his claims to the state's highest court through every available procedure and in a procedurally proper manner. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Busby v Dretke*, 359 F.3d 708, 723 (5th Cir 2004). In Texas, this requires a petitioner to pursue all of his claims "through one complete cycle of either state direct appeal or post-conviction collateral proceedings" before filing a federal habeas corpus petition. *Busby*, 359 F.3d at 723.

Publicly available records show that Acosta-Hernandez has not raised his claim of ineffective assistance of counsel in the state courts, either in a direct appeal or in post-conviction collateral proceedings. If this court were to recharacterize Acosta-Hernandez's complaint as a habeas corpus petition, that petition would be dismissed for lack of exhaustion. The court declines to recharacterize Acosta-Hernandez's complaint as a federal habeas petition because doing so at this point would be futile.

Second, recharacterizing Acosta-Hernandez's complaint as a habeas petition has consequences that Acosta-Hernandez may not wish to incur. If the court recharacterizes Acosta-Hernandez's complaint as a habeas petition, he could be prohibited from raising additional challenges to his judgment of conviction in the future. *See* 28 U.S.C. § 2244 (prohibiting the filing of a "second or successive motion" unless certain procedural steps are taken and certain

prerequisites are met).  In addition, he would be required to obtain permission from the Fifth Circuit before filing a second petition.  *See* 28 U.S.C. § 2244(b)(3)(A).  Because Acosta-Hernandez's state-court judgment of conviction was entered relatively recently and because it is not clear that he intended to pursue federal habeas relief at this time, the court declines to recharacterize his civil-rights complaint as a habeas petition.

### III. Conclusion

Acosta-Hernandez's civil-rights complaint, (Docket Entry No. 1), is dismissed for failing to state a claim upon which relief can be granted.  All pending motions, including Hernandez's motions to proceed without prepaying the filing fee, (Docket Entry Nos. 2, 9), are denied as moot.  This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).  An order of dismissal is separately entered.

The Clerk of Court will send a copy of this Memorandum Opinion and Order to the Three-Strikes List Manager at the following email: Three_Strikes@txs.uscourts.gov.

SIGNED on August 28, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge